WASHINGTON, Chief Judge,
concurring:
While I concur in the decision affirming the trial court’s decision, because Laumer is still controlling law to which this panel is bound, I respectfully write separately to express my concerns about the continued application of the first prong of Laumer to decisions regarding the admissibility of out-of-court statements against penal interest.
Judge Fisher, in his concurring opinion, makes great efforts to distinguish a trial court’s credibility determinations for purposes of admissibility from a jury’s determinations of credibility as fact-finders in the case. From my perspective, however, any test for determining the admissibility of evidence under the statement against penal interest exception that explicitly requires the court to assess the “general credibility” of the witness goes beyond the gatekeeping function of the court and strays too far into the province of the jury. Applying the first prong of Laumer in the present case, Judge Leibovitz considered a number of factors before concluding that the witness was not credible, including the witness’s considerable record of impeachable convictions, his failure to mention the exculpatory declaration in a previous lengthy statement to investigators, and his close relationship with the defendant. Those facts are all appropriate considerations for assessing the general credibility of a witness and may have led the jury to determine, as the trial court did here, that the witness was lying about the fact that the statement was ever made. But to prevent the jury from hearing testimony about a potentially exculpatory statement that otherwise meets the test for reliability under the third prong of Laumer deprives the defendant of an opportunity to have the jury perform its traditional role of making credibility determinations and weighing the evidence.
To avoid such an intrusion into the province of the jury, but remain faithful to the trial court’s obligation to ensure that only rehable evidence is considered by the court, I believe Laumer’s third prong, which requires the defendant to demonstrate corroborating circumstances that clearly indicate the trustworthiness of the out-of-court declaration, is sufficient to sat *126 isfy the trial court’s gatekeeping purpose.[1] This is the preferred approach among a majority of federal and state courts. It also comports with the revised commentary by the Advisory Committee on Evidence Rules cited by the majority,[2] and a series of decisions by this court holding that trial court credibility assessments are improper as a basis for excluding testimony from being admitted into evidence.[3]
Accordingly, I urge the court to consider, en banc, whether the first prong of the Laumer test should continue to be a factor for trial courts to consider when determining the admissibility of statements against penal interest.

. See Laumer v. United States, 409 A.2d 190, 200 (D.C.1979) (stating that the proponent of a proffered declaration against penal interest must overcome a “significant burden” to clearly demonstrate the trustworthiness of the declaration under the corroboration requirement).

. Advisory Committee Note on the 2010 Amendment to Fed.R.Evid. 804(b)(3), 28 U.S.C.A., p. 338 (West 2012) ("In assessing whether corroborating circumstances exist, some courts have focused on the credibility of the witness who relates the statement is not a proper factor for the court to consider in assessing corroborating circumstances. To base admission or exclusion of a hearsay statement on the witness's credibility would usurp the jury role of determining the credibility of testifying witnesses.”).

.See, e.g., Brisbon v. United States, 894 A.2d 1121, 1129 (D.C.2006) (holding that the question of credibility of a witness was for the jury to consider, not the trial court, in the context of proffered testimony under the excited utterance exception to the hearsay rule); Newman v. United States, 705 A.2d 246, 259 (D.C. 1997) (stressing that in evaluating reliability of proffered testimony, a trial court must not seek to evaluate reliability of the witness because the question of the excluded witness’ credibility was for the jury, not for the judge).